UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JONATHAN LEE JACKSON | ) | |
| | ) | |
| v. | ) | 1:10-cv-4\1:00-cr-23 |
| | ) | *Chief Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA | ) | |

## MEMORANDUM

Jonathan Lee Jackson ("Jackson") has filed a motion a motion to vacate, set aside, or correct

his sentence pursuant to 28 U.S.C. § 2255 (Criminal Court File No. 84). The Court previously

construed Jackson's motion to amend as a motion to amend his supporting brief, and granted it

(Criminal Court File No. 86).[1] Relying upon *Chambers v. United States*, 129 S.Ct. 687 (2009) and

the Sixth Circuit's recent decision in *United States v. Ford*, 560 F.3d 420, 426 (6th Cir. 2009) (a

walkaway escape is not a crime of violence), Jackson challenges his sentence contending his prior

conviction for escape no longer constitutes a crime of violence under United State Sentencing

Guidelines ("USSG") § 4B1.2, and therefore is not a predicate for career offender status under

§ 4B1.1.

The government asserts Jackson is entitled to § 2255 relief based on the particular

circumstances of his case, and, in its answer to Jackson's § 2255 motion, contends the Court should

vacate his sentence and proceed to a full re-sentencing. Although the government does not oppose

Jackson's motion, it does "reserve[] its right to argue at re-sentencing that his prior conviction for

escape may be considered by this Court as it endeavors to 'impose a sentence sufficient, but not

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

greater than necessary' to satisfy the purpose of sentencing. See 18 U.S.C. § 3553(a)." (Court File No. 88).

After reviewing the record and the applicable law, the Court concludes Jackson's motion under 28 U.S.C. § 2255 will be **DENIED** as time-barred by the applicable one-year statute of limitations (Court File No. 84).

## I.      Background

On March 28, 2000, a federal grand jury sitting in Chattanooga, Tennessee returned a One-Count Indictment charging George Lee Jackson and Jonathan Lee Jackson with Possession of Cocaine Hydrochloride with Intent to Distribute and Aiding and Abetting, in violation of 18 U.S.C. § 2 & 21 U.S.C. § 841(b)(1)(C) (Criminal Court File No. 16).  Jackson was sentenced to 192 months imprisonment in the custody of the United States Bureau of Prisons (Criminal Court File Nos. 64, 70).  Jackson's conviction and sentence were affirmed on direct appeal.  *See United States v. Jackson*, 63 Fed.Appx. 839 (6th Cir. Apr. 25, 2003), *available at* 2003 WL 1984697, *cert. denied*, 540 U.S. 916 (2003).  Jackson subsequently filed this instant § 2255 motion on December 31, 2009 (Criminal Court File No. 84).

## II.      Statute of Limitations

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion.  *See* 28 U.S.C. § 2255.  Jackson was sentenced to a term of imprisonment for 192 months on November 9, 2000 (Criminal Court File Nos. 64,70).  Jackson's judgment was entered on November 20, 2000 (Criminal Court File No. 70). Jackson pursued a direct appeal (Criminal Court File No. 67).  The United States Court of Appeals for the Sixth Circuit affirmed his judgment on April 25, 2003 (Criminal Court File No. 78), and the

Supreme Court of the United States denied his petition for certiorari on October 6, 2003. *See Id.* "For purposes of the limitations period of § 2255, 'a conviction becomes final at the conclusion of direct review.'" *Brown v. United States*, 20 Fed. Appx. 373 (6th Cir. 2001) (unpublished table decision), *available in* 2001 WL 1136000, (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). If a defendant pursues direct review through to a petition for certiorari in the Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. Therefore, Jackson's judgment became final on October 6, 2003, when the Supreme Court denied certiorari. The one-year statute of limitation for filing a § 2255 motion began on October 7, 2003, and expired October 5, 2004.

Jackson had one year from the time his judgment of conviction became final to file his § 2255 motion. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *See* Rule 4(c) Fed. R. App. Proc. Jackson's § 2255 motion indicates it was delivered to prison authorities on December 31, 2009.

Consequently, using the date of October 7, 2003, as the starting point for determining when Jackson's judgment became final and the statute of limitations began to run, Jackson's motion is untimely. The one year statute of limitations under § 2255 expired on October 5, 2004, more than five years before Jackson filed his § 2255 motion. Since Jackson's § 2255 motion was filed on December 31, 2009, it is untimely and will be **DENIED** (Criminal Court File No. 84).

III.     **Later Date for Commencement of One-Year Statute of Limitations Inapplicable**

Jackson submits his prior conviction for escape is not a predicate offense for career offender status. He argues his conviction for escape does not qualify as a predicate offense under the

Supreme Court's decision in *Chambers v. United States*, ___ U.S. ___, 129 S.Ct. 687 (2009) (failure

to report for periodic imprisonment was not a violent crime for purposes of sentencing under Armed

Career Criminal Act), [2] and the Sixth Circuit's decision in *United States v. Ford*, 560 F.3d 420 (6th

Cir. 2009) (a prior Kentucky conviction for second-degree 'walkaway" escape did not constitute a

crime of violence under the career offender sentencing enhancement (United States Sentencing

Guideline § 4B1.1)).[3]  Therefore, it appears Jackson is implicitly asserting a later date for the

commencement of the one-year statute of limitation period applies in his case.  As explained below,

however, Jackson is mistaken.

The one-year limitation period commences on the latest of one of the four dates set forth in

Title 28 U.S.C. § 2255(f).  As discussed above, normally the date would be the date the movant's

judgment became final. 28 U.S.C. § 2255(f)(1).  However, the statute of limitations may also

commence from "the date on which the right asserted was initially recognized by the Supreme Court,

if that right has been newly recognized by the Supreme Court and made retroactively applicable to

cases on collateral review[.]" 28 U.S.C. § 2255(f)(3).  Jackson implicitly contends this date applies

based on the Supreme Court's January 13, 2009, decision in *Chambers* and the Sixth Circuit's

March 18, 2009, decision in *United States v. Ford*, 560 F.3d 420 (6th Cir., 2009).  Section 2255(f)(3)

---

[2]    Whether an offense is a crime of violence under the sentencing guidelines is the same inquiry as whether an offense is a violent felony under the ACCA. *See United States v. Johnson*, No. 06-6545 (6th Cir., Jan. 20, 2009) ("Under the 'categorical approach' for determining whether a prior conviction constitutes a "violent felony" under the Armed Career Criminal Act (ACCA) or a "crime of violence" under § 4B1.2(a), we must look only to the fact of conviction and the statutory definition."); *United States v. Houston*, 187 F.3d 593, 594-95 (6th Cir. 1999) (notes the similarity between § 4B1.2 definition of a "crime of violence" and the definition of a "violent felony" in the ACCA) In the instant case, Jackson's sentence was enhanced pursuant to the career offender sentencing guideline found in United states Sentencing Guidelines ("USSG") § 4B1.1.

[3]    Jackson, likewise, was convicted in Kentucky for second degree felony escape.

is inapplicable because the United States Supreme Court has not held *Chambers* constitutes both a new rule and a rule retroactively applicable to cases on collateral review.

The *Chambers* case was on direct appeal and applies to cases on direct appeal at the time and cases before courts for sentencing; it did not contemplate retroactive application on collateral review. Indeed, the Court's research did not reveal any Sixth Circuit or Supreme Court case applying *Chambers* retroactively to cases which are, like Jackson's, before the Court on collateral review.

In summary, to the extent Jackson argues his petition is timely under § 2255(f)(3) based upon the Supreme Court's *Chambers* decision, his argument is unavailing. Under § 2255 (f)(3), the statute of limitations starts only upon the initial recognition of a right made retroactively applicable to cases on collateral review.[4] *Chambers* has not been made retroactively applicable to cases on collateral review by the Supreme Court, who has the power to determine whether *Chambers* is retroactively applicable to cases on collateral review.[5] Even though the United States wishes to

---

[4] It appears the right asserted by Jackson, i.e., the method by which courts should determine if an offense is a "crime of violence" under the Sentencing Guidelines, was initially recognized in *Begay* and that *Chambers* clarified or extended the rule announced in *Begay*. Therefore, even assuming the cases are retroactively applicable on collateral review, it appears Jackson would have had one year from the date of the *Begay* decision in which to file his § 2255 motion. Since *Begay* was decided on April 16, 2008, Jackson's § 2255 motion which was filed on December 31, 2009, arguably, would still be deemed time-barred.

[5] Although the Court's research did not reveal a United States Supreme Court or Sixth Circuit case addressing the retroactivity of *Begay* or *Chambers*, it did find a split of authority on the issue in other circuits. *See Welch v. United States,* 604 F.3d 408, 414-15 (7th Cir. 2010) (held *Chambers* to be retroactively applicable on collateral review); *United States v. Shipp,* 589 F.3d 1084 (10th Cir. 2009) (finding *Chambers* applies retroactively to initial § 2255 motions); *United States v. Jones,* 2010 WL 55930 (E.D. Ky. Jan. 4, 2010) (*Begay* not retroactive on collateral review); *United States v. Ross*, 2010 WL 148397 (W.D. Wis. Jan. 12, 2010) (concluding neither *Begay* or *Chambers* have retroactive effect); *United States* v. *Narvaez*, 2009 WL 1505658 (W.D.Wis. May 26, 2009) (§ 2255 petition rejected as untimely finding *Begay* and *Chambers* are not retroactive);

concede the issue of retroactivity, the Court's research did not reveal, nor has the United States

cited, any binding authority from the Sixth Circuit Court of Appeals or the United States Supreme

Court holding that *Chambers* should be applied retroactively.  Accordingly, the Court will decline

the government's invitation to vacate Jackson's sentence and proceed to a full re-sentencing.


**IV.    Conclusion**

Jackson's § 2255 motion to vacate, set aside, or correct his sentence will be **DENIED** and

this action will be **DISMISSED** (Criminal Court File No. 84).

Because there is a split of authority on the retroactivity of *Chambers*, this Court will

**CERTIFY** that any appeal from this action is taken in good faith and will **GRANT** Jackson leave

to proceed *in forma pauperis* on appeal.  Rule 24 of the Federal Rules of Appellate Procedure.

Because issuance of a Certificate of Appealability does not require a showing that the appeal

will succeed, *see Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003), and because it appears

retroactive application of *Chambers* would offer Jackson relief,  he may be able to make a

substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Rule 22(b) of the

Federal Rules of Appellate Procedure.  In addition, under the circumstances of this case and the split

of circuit court opinions as to the retroactivity of *Chambers*, the Court concludes reasonable jurists

may find the resolution of this matter debatable.  Therefore,  a certificate of appealability **WILL**

**ISSUE** on the question of whether, in light of the Supreme Court's decision in *Chambers v. United*

*States*, ___ U.S. ___, 129 S.Ct. 687 (2009), Jackson's escape conviction is a crime of violence under

---

and *George v. United States*, 650 F.Supp.2d 1196  (M.D.Fla., May 14, 2009) (*Begay* and *Chambers*
are retroactive because they announce new substantive rules of criminal law).

USSG 4B1.2, thus qualifying him as a career offender pursuant to USSG § 4B1.1. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

An appropriate judgment order will enter **DENYING** Jackson's § 2255 motion (Court File No. 84) and granting him *in forma pauperis* status on appeal and a certificate of appealability.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**