UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JONATHAN LEE JACKSON | ) | |
| | ) | |
| v. | ) | 1:10-cv-4\1:00-cr-23 |
| | ) | *Chief Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA | ) | |

## MEMORANDUM AND ORDER

Jonathan Lee Jackson ("Jackson") filed a tardy notice of appeal which the Court treated as a motion pursuant to Fed. R. App. P. 4(a)(5) for an extension of time to file a notice of appeal from the judgment entered on January 18, 2011 (Criminal Court File No. 92). Jackson did not receive the Court's memorandum and judgment order until February 18, 2011, but because he did not explain why it took him from February 18, 2011, until March 23, 2011, to file his notice of appeal, the Court ordered Jackson to show good cause or excusable neglect for failing to file a timely notice of appeal (Court File No. 94). For the reasons explained below, Jackson's motion for extension of time in which to file a notice of appeal is **DENIED** (Criminal Court File No. 92).

I.  **Procedural History**

Jonathan Lee Jackson ("Jackson") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Criminal Court File No. 84). On January 18, 2011, the Court denied Jackson's § 2255 motion (Criminal Court File Nos. 89 & 90). In addition, the Court concluded that if a timely notice of appeal was filed, it would be treated as an application for a certificate of appealability, which the Court granted, because, due to the split of authority on the retroactive applicability of *Chambers v. United States*, 555 U.S. 122 (2009), reasonable jurists would at least find the resolution of the matter debatable. The Court further certified that any appeal from this action would be taken in good faith and granted any application to proceed *in forma pauperis* on

appeal (Criminal Court File No. 90). On January 18, 2011, the Court's Memorandum and Judgment Order denying Jackson's § 2255 motion were mailed to him at his last known addressed. Unfortunately, Jackson failed to file a timely notice of appeal.

Although Jackson's notice of appeal was untimely, the Court treated it as a motion to file a delayed appeal because it was filed more than sixty days after entry of the Memorandum and Judgment Order entered in this case. In it Jackson claimed he had shown good cause for his tardiness. *See generally Bradford v. Gardner*, 786 F.2d 1163 (6th Cir. 1986), *available in* 1986 WL 16545, *3 ("A late notice of appeal which fails to allege excusable neglect or good cause can no longer serve as a substitute[]" for a motion requesting an extension of time in which to file an appeal) (Criminal Court File No. 92). *See* Fed. R. App. P. 4(a)(1)(B). Presently before the Court is Jackson's response to the Court's Order directing him to show good cause or excusable neglect for failing to file a timely notice of appeal; thus the matter is ripe for review.

## II. Analysis

Jackson explains that he was flown to the Federal Transfer Center at Oklahoma City, Oklahoma on January 19, 2011, and remained there until February 15, 2011, when he was flown to FCI Beckley, WV.[1] Therefore, Jackson's copies of the Court's memorandum and judgment order were mailed to the only address Jackson submitted to the Court *i.e.*, the Yazoo City, Mississippi address. Apparently, the memorandum and judgment were forwarded to Jackson, as he received a copy on February 18, 2011.

---

[1] Jackson failed to notify the Court each time his address changed, and, to this date, has not sent the Court a change of address notice.

A.   *Applicable Law*

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure provides that in a civil case the notice of appeal must be filed in the district court within thirty (30) days after the judgment or order appealed from is entered. When the United States is a party, however, as it is in this case, the notice of appeal may be filed by any party within sixty (60) days after the judgment or order appealed from has entered. Fed. R. App. P. 4(a)(1)(B). The date of entry of judgment dismissing Jackson's § 2255 motion was January 18, 2011. The sixty-day deadline for Jackson to file his notice of appeal under Fed. R. App. P. 4(a)(1)(B) expired on March 21, 2011. The instant motion, according to the institutional mail room facility stamp, was filed on March 23, 2011. Fed. R. App. P. 4(c) (filing is effective on date deposited in the institution's internal mail system). Jackson did not comply with Fed. R. App. P. 4(a)(1)(A) because he did not file his notice of appeal within 60 days after entry of the memorandum and judgment dismissing his § 2255 motion.

Rule 4(a)(5) of the Federal Rules of Civil Procedure permits a district court to extend the time to file a notice of appeal if the motion requesting the extension of time is filed no later than 30 days after the expiration of the original appeal time and the party shows excusable neglect or good cause. See Fed. R. App.P 4(a)(5); *Becker v. Montgomery*, 532 U.S. 757, 763 n. 2 (2001). The Sixth Circuit has instructed that an extension of time under Rule 4(a)(5) is to be granted "only in unique or extraordinary circumstance" and that the excusable neglect standard is strict. *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989). "Good cause will be found where forces beyond the control of the appellant prevented [him] from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) (citation omitted).

*B.     Discussion*

The Court recognizes that Jackson is a *pro se* litigant, who probably is not familiar with all of the procedural rules governing litigation and appeals in the federal court system. Nevertheless, "*pro se* litigants must comply with court rules and directives." *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005), *cert. denied*, 549 U.S. 865 (2006). *Pro se* litigants are required to inform themselves of the rules and abide by them. *See In re Amer Metrocom Corp.,* 196 Fed. Appx. 86, 87-88 (3d Cir. 2006) (noting the Third Circuit has never held a court's obligations to liberally interpret *pro se* pleadings justifies ignoring deadlines for filing an appeal); *Phillips v. 7912 Merchants Ins. Group,* 173 F.3d 845 (2d Cir. 1999) (holding district court abused its discretion in granting an extension of time to file an appeal on the ground the *pro se* prisoner was confused, as they are required to inform themselves of the rules and comply with them despite being afforded greater latitude).

Thus, Jackson is required to demonstrate good cause or excusable neglect to obtain an extension of time to file a notice of appeal. Fed. R. App. P. 4(a)(5). The Sixth Circuit has instructed, "[g]ood cause will be found where forces beyond the control of the appellant prevented her from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) (citing *Mirpuri v. ACT Mfg., Inc.,* 212 F.3d 624, 630 (1st Cir. 2000). "Excusable neglect" applies in situations where there is fault on the part of the party, occasioned by something within their control. Although Rule 4(a)(5) of the Federal Rules of Appellate Procedure does not define the excusable neglect standard, the Sixth Circuit has instructed the standard is "'strict,' and can be met only in extraordinary cases." *Marsh v. Richardson*, 873 F.2d at 130.

4

Jackson argues he has demonstrated good cause and excusable neglect. In support of this argument, Jackson alleges he was unable to file a timely notice of appeal because he did not receive his personal legal documents until March 7, 2011, and he was unable to locate anyone to assist him in notifying the Court of his change of address and filing his notice of appeal. Although Jackson intertwines his "good cause" and "excusable neglect" arguments, it appears the "excusable neglect" standard is more appropriate in the circumstances of this case, as Jackson does not indicate he was denied access to the law library or the items necessary to file the appeal, or that he was physically incapacitated or hospitalized during which time he could have filed a timely appeal. The fact that a notice of appeal is a simple document that does not require the collection of supporting documentation or preparation of briefs supports this conclusion. Therefore, because Jackson has not demonstrated his failure to file a timely notice of appeal was the result of forces outside of his control, the excusable neglect standard appears to be the applicable standard in this case.

The excusable neglect standard was somewhat relaxed by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993). "Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness." *Turner v. City of Taylor*, 412 F.3d 629, 651 (6th Cir. 2005) (citing *Pioneer*, 507 at at 388). In *Pioneer* the Supreme Court, addressing a bankruptcy rule which allows a bankruptcy court to permit late filing of a proof of claim if the delay was the result of excusable neglect, identified certain circumstances that should be considered by a court when making an excusable neglect finding. "The determination of whether a case of neglect was excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [nonmoving party], the length of the delay and its potential

5

impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. at 395. Courts have applied the *Pioneer* standards when analyzing a motion requesting an extension of time in which to file a notice of appeal. *E.g., Nicholson v. City of Warren*, 467 F.3d 525 (6th Cir. 2006); *Perez v. Birkett*, 2006 WL 3751166 (E.D. Mich. Dec. 11, 2006).

In this case, the government has not objected to Jackson's request and since his request was filed only two days after the deadline for filing a notice of appeal, it does not appear there is any danger of prejudice to the government. The length of delay is minimal in this case. Although Jackson did not file his notice of appeal within sixty days of entry of the judgment, he did file the motion requesting an extension of time within the thirty day grace period provided by Fed. R. App. P. 4(a)(5)(A) and only two days after the expiration of the sixty day period for filing a timely notice of appeal. Thus, it appears the first two factors weigh in favor of granting Jackson's request for an extension of time to file a notice of appeal.

Nevertheless, the reasons for Jackson's delay is the critical factor in determining excusable neglect. *See Silivanch v. Celebrity Cruises, Inc.,* 333 F.3d 355, 368 (2d Cir. 2003) (noting that the Second and other circuits have focused on the third *Pioneer* factor, i.e., the reason for the delay); *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir.), *cert. denied*, 531 U.S. 929 (2000) (noting that delay will usually be minimal and prejudice negligible so "the focus must be upon the nature of the neglect").

Despite being provided with the opportunity to provide the Court with information necessary for determination of the instant motion, Jackson simply claims that he was unable to locate someone to assist him in preparing an appeal. Jackson does not provide any details of his alleged attempts,

6

i.e., who he contacted, when he made contact, their reasons for refusing to assist him, or present any allegations he was denied access to legal material, or he lacked the ability to prepare his own notice of appeal. There is no indication from the record that Jackson was denied access to the prison law library after he received the judgment in this action or that he diligently researched the procedure for filing a timely notice of appeal. *Cf. Stutesman v. Campbell*, 2007 WL 779754, * 2 (E.D. Cal. March 14, 2007) (found excusable neglect based upon prisoner's limited access to the prison library, "during which time he 'diligently sought research on the application to appeal on the mechanics of requesting a Certificate of Appealability' and on 'procedural bars and defaults.'") The Court's research has not revealed a case finding excusable neglect when a prisoner simply claims he was unable to obtain assistance to file a notice of appeal. Jackson argues he sought aid and assistance of staff, law library clerks, and inmates to assist him in notifying the Court of his address and filing his notice of appeal but was unable to obtain assistance for "weeks." Jackson, however, does not give any details regarding his attempts, the contacts he made, the names of those who denied him assistance, the reason assistance was denied, or any facts to substantiate this claim.

Filing a notice of appeal is a "modest task." *Isert v. Ford Motor Co.*, 461 F.3d 756, 758 (6th Cir. 2006) ("Would-be appellants thus must complete two modest tasks before their appeals 'may be taken': They must give 'notice' of their appeal, and they must give that notice 'in time.'"). Rule 3(c) of the Federal Rules of Appellate Procedure requires the notice of appeal to "specify the party or parties taking the appeal by naming each one in the caption or body of the notice . . . designate the judgment, order, or part thereof being appealed; and name the court to which the appeal is taken." Thus, legal services of the staff, law library clerk, or jail house lawyer are not needed to prepare a notice of appeal. *See Avery v. Hendricks*, 2006 WL 2627945, *3 (D.N.J. Sept. 13, 2006)

7

(rejecting claim that legal services were needed to file a notice of appeal). Consequently, Jackson's factually unsupported assertions simply do not provide enough information for the Court to find excusable neglect for purposes of Rule 4(a)(5). In the Sixth Circuit, permission to file an untimely notice of appeal is to be granted only in cases involving unique or extraordinary circumstances, *see Marsh v. Richardson*, 873 F.2d at 130, and such circumstances do not exist in this case. Jackson simply has
not borne his burden of showing good cause or excusable neglect under Rule 4(a)(5) of the Federal Rules of Civil Procedure.

In sum, there is no reasonable justification in the present record for Jackson's failure to file a timely notice of appeal. First, Jackson did not receive the order of January 18, 2011, until February 18, 2011, as a result of his own inaction and failure to notify the Court of his new address. Second, his receipt of the Court's Order on February 18, 2011, provided sufficient time to draft a simple notice of appeal by the March 21, 2011, deadline. This is so because it was unnecessary for him to wait until he received his legal files to file the notice, as the only requirements are to specify the party taking the appeal, designate the judgment or order being appealed, and name the court to which the appeal is being taken. Fed.R.App.P 3(c). Finally, Jackson does not claim he was incapable of preparing a notice of appeal or that he did not know how and when to file a notice of appeal. Thus, Jackson simply has not provided sufficient information to establish either excusable neglect or good cause to excuse his failure to file a timely notice of appeal. Absent a showing of excusable neglect or good cause for filing late, it would be an abuse of discretion to grant the extension of time. *See Baker v. Raulie,* 879 F.2d 1396 (6th Cir. 1989) (finding abuse of discretion where district court's notation order did not identify what it relied upon to grant an extension of time

8

to file a notice of appeal); *Deym v. von Fragstein*, 127 F.3d 1102 (6th Cir. 1997), *available at* 1997 WL 650933 (finding an abuse of discretion where district court found excusable neglect because delay caused no harm to Deym; delay was minimal; and circumstances surrounding failure to timely file a notice of appeal were extreme because law office personnel made a mistake and counsel suffered "loss of a long-term paralegal assistant, illness of an entrusted associate, and an extraordinary personal workload."). Consequently, Jackson fails to provide a sufficient basis for his failure to file a timely appeal and therefore, fails to demonstrate either excusable neglect or good cause to excuse his tardy notice of appeal.

Accordingly, Jackson's motion construed as a motion under Fed. R. App. P. 4(a)(5) requesting an extension of time in which to file a notice of appeal is **DENIED** for failure to show excusable neglect or good cause (Criminal Court File No. 92).

SO ORDERED.

ENTER:

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**